IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK DISANTI and SFTF HOLDING, LLC<br>PLAINTIFF, | )<br>)<br>) | |
| VS. | )<br>) | CASE NO. 3:10-CV-00532-F |
| BANK OF AMERICA, N.A.<br>and LISLE PATTON, TRUSTEE,<br>DEFENDANT. | )<br>)<br>)<br>) | |

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION
TO QUIET TITLE, FOR TEMPORARY
RESTRAINING ORDER AND TEMPORARY INJUNCTION

Comes now the Plaintiffs herein, Mark DiSanti and SFTF Holdings, LLC, and make this their cause of action against the Defendants, Bank of America, N.A., Lisle Patton and any person or persons named by either of them under the Deed of Trust described herein, stating as follows:

I. PARTIES AND JURISDICTION

1. The Plaintiff, SFTF Holdings, LLC is a limited liability company that conducts business in Dallas County, Texas. The Plaintiff, Mark DiSanti, is an adult resident of Dallas County, Texas.

2. The Defendant, Bank of America, N.A. is a corporation that conducts business in Dallas County, Texas, and can be served by delivering citation to its registered agent, CT Corporation System, 350 N. St. Paul, Dallas, TX 75201.

3. The Defendant, Lisle Patton is an adult resident of Dallas County, Texas and can be served at the George Allen Courts Building on the first Tuesday in March, 2010 between 10 AM and 4 PM.

4. The real estate that is the subject of this suit is located in Dallas County, Texas. This Court has jurisdiction over the parties hereto and the subject matter hereof

## II. STATEMENT OF FACTS

5. Plaintiffs, Mark DiSanti and SFTF Holdings, LLC, are the owner of a parcel of real estate hereinafter referred to as the Property, commonly known as 3225 Turtle Creek Blvd., No. 1122, Dallas, Texas and described more fully as:

> Unit No. 1122, in Building B, and its appurtenant undivided interes in and to the general and limited common elements of The Renaissance on Turtle Creek Condominium, a Condominium Regime situated in the City of Dallas, Dallas County, Texas according to the Declaration of Condominium recorded in Volume 2002230, Page 6012 of the Condominium Records of Dallas County, Texas, as amended by Amendment to Condominium Declaration recorded in Volume 2003169, Page 49, Condominium Records, Dallas County, Texas.

6. Plaintiffs acquired title to the property at a trustee's sale held on November 3, 2009, and Plaintiff was delivered a deed, which deed was recorded on November 4, 2009 as Document No. 200900312215 in the Land Records of Dallas County, Texas.

7. The Property was the subject of a lien in favor of the homeowners association that secured the payment of dues and assessments upon the Property. It is this lien that was foreclosed in November of 2009.

8. The Property was previously owned by Hassan Kanaan who took title on or about October 3, 2004. At the time of the purchase, the prior owner obtained a purchase money loan in the amount of $172,750.00 from America's Wholesale Lender. In September of 2004 the original loan was refinanced by Bank of America, N.A., creating a new loan amount of $178,350.00 The Declaration makes the lien of the Association subordinate to any first mortgage lien.

9. On Tuesday, the 3rd day of November, 2009 The Renaissance on Turtle Creek Condominium Association, Inc., hereafter the "Association," the mandatory homeowners association, holding a lien upon the Property, conducted a foreclosure sale upon the Property to foreclose its lien and to collect past due dues and assessment owing to the association by the owner of the Property.

10. The Plaintiffs were the high bidder at the foreclosure sale and their bid was accepted by the authorized representative of the Association that conducted the sale. Plaintiffs paid the amount bid and accepted delivery of a Deed conveying to them the title to the Property

11. The Declaration that created the Association and provided for a lien to secure the payment of dues and assessments also provides that the lien of the Association shall be subordinate only to any first lien upon the Property.

12. No redemption rights exist under Chapter 209 of the Texas Property Code.

13. Bank of America, N.A. as filed a notice with the Dallas County Clerk asserting that it has a right to foreclose on the Property on March 2, 2010.

## II. TITLE SHOULD BE QUIETED IN PLAINTIFF

10. The lien created by the Deed of Trust in favor of Bank of America, N.A. remains of record and creates a cloud upon the title to the Property now owned by the Plaintiff.

11. As the purchaser of the Property at a foreclosure sale upon the inferior lien upon the property, Plaintiff has the right to service any existing superior lien, and is entitled to verify that such lien still affects the property. Plaintiff's rights are established under the decision in *Conversions Properties, LLC vs. Kessler*, 994 SW2d 810, 813 (Tex. App. – Dallas 1999). As the current owner of the Property with the right to service any existing debt upon the Property, the Plaintiff is subrogated to the rights of the former owner, including the right to an accounting.

Plaintiff is entitled to obtain from the Defendant sufficient information about any outstanding loan in order to determine the Plaintiff's liability with regard to that loan.

12. Plaintiff has taken no action with regard to the payment of any superior lien as the Property is still subject to the prior owner's right of redemption. Notwithstanding the fact that the Plaintiff is the current titleholder of the Property, Plaintiff reasonably believes that the Defendant will not provide information to the Plaintiff to allow Plaintiff to service the note, if any still exists, because Plaintiff is not the original borrower, does not know the loan number, does not have the original borrower's social security number, and is not the person with whom the Defendant has any contractual obligation.

13. The indication in the public records of the existence of a lien upon the Property in favor of the Bank of America, N.A. may not be accurate and reliable. In Texas, the right to have a lien upon property is vested in the holder of the underlying note. It is a condition precedent to the right of the Defendant to foreclose on the Property that the Defendant should be the owner and holder of the promissory note for which the deed of trust serves as security, or, in the alternative, the Defendant must be the authorized "servicer" of the holder of the note. In the latter event, the note current note holder is that only person that can authorize a servicer to foreclose. Plaintiff contends that the Defendant is not the owner and holder of an unpaid promissory note, nor is the Defendant the servicer for the holder of the note. Before foreclosure, Defendant should be required to prove that the original note signed by Hassan Kanaan has not been paid and that the lien securing the same has not been discharged.

13. The Plaintiff requires the removal of the cloud upon the title created by the Deed of Trust in favor of Bank of America, N.A. and that title be quieted in the Plaintiff free and clear of any lien or encumbrance.

## III. INJUNCTIVE RELIEF

14. Bank of America, N.A. has posted the Property for foreclosure at the trustee's sale scheduled to be held on April 6, 2009, and is attempting to foreclose on the Property. Bank of America, N.A. should be compelled to establish its right to conduct a foreclosure before that event takes place.

15. Should the designated substitute trustee give the appropriate notices, post the property for sale and conduct a foreclosure sale, the rights of the former owner, and the Plaintiff's rights will be irrevocably affected and the harm to the Plaintiff will be irreparable as Plaintiff's investment in the Property will be lost as will his title to the Property.

16.. The issuance of a Temporary Restraining Order will not unduly harm the Defendants and will serve to restrain them from taking actions that will irreparably harm the Plaintiff or another member of the public.

17. The Plaintiff seeks a Temporary Restraining Order to maintain the *status quo* until such time as the court can hold a hearing, and a Temporary Injunction to restrain the Defendants from taking any action, which would deprive or appear to deprive the Plaintiff of its rights in the Property.

18. Plaintiff requests that the Defendants be cited to appear and show cause why they should not be enjoined from taking further action, including foreclosure, which might transfer the title to the Property to a purchaser and deprive the Plaintiff of his rights therein.

WHEREFORE, the Plaintiff prays that citation shall be issued and served upon the Defendant, that the Defendant shall be required to make answer hereto, and that

A.  A Temporary Restraining Order issue to the Defendants, enjoining the Defendants their agents, employees, or contractors, and all of them, from conducting a trustee's sale of the Property during the pendency of this action.

B.  Defendant be cited to appear and answer, and that upon a hearing that a temporary injunction be issued enjoining the Defendant as above until a final hearing upon the cause may be heard.

C.  Upon a hearing upon the merits hereof that the court shall enter an order as follows:

1.  Determining that the lien of Bank of America, N.A.. is released and discharged.

2.  Creating a judicial release of the lien of Bank of America, N.A.

Respectfully submitted,

_____
Richard C. Frasco, Attorney for Plaintiff
TBN 07391900
P. O. Box 797991, Dallas, TX 75379
214-803-4580; fax 972-732-1176

## VERIFICATION

State of Texas      )
County of Dallas    )

Before me the undersigned Notary Public personally appeared Ken Bennett, a business partner of the Plaintiff and property manager of the Property, who first being duly sworn by me upon his oath stated that he is the representative of the Plaintiff in this cause; that he has read the foregoing Original Petition and Application for Injunctive Relief, and that every statement contained therein is true and is made upon his own personal knowledge.

_____

Subscribed and sworn to before me on this ____ day of April, 2010.

_____
Notary Public

## CERTIFICATE OF SERVICE

The undersigned certifies that he served a copy of the foregoing Amended Original Petition on the attorney for the Defendant in accordance with the Federal Rules of Civil Procedure by mailing same by certified mail, return receipt requested to said attorney on the ____ day of April, 2010.

_____
Richard C. Frasco